OPINION *Page 2 
{¶ 1} Defendant-appellant Ron Hays appeals the February 2, 2007 Final Judgment entered by the Licking County Municipal Court, denying his Motion to Dismiss his Administrative License Suspension ("ALS"). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On August 20, 2006, Appellant was arrested for operating a vehicle while under the influence of alcohol, in violation of R.C.4511.19(A)(1)(a). Appellant was transported to the Utica Police Station, where he was read his Miranda Rights and, upon request, submitted to a BAC test. The result of the breath test was .171. Appellant was placed under an administrative license suspension. Appellant appeared before the trial court on August 21, 2006, and entered a plea of not guilty to the charge. The trial court released Appellant on his own recognizance.
 {¶ 3} On September 18, 2006, Appellant filed numerous motions to suppress, generally asserting the police officer did not have reasonable suspicion he was committing a criminal offense to warrant the stop of his vehicle, and the officer lacked probable cause to arrest him. Appellant also filed a Petition for ALS Appeal. Via Judgment Entry filed September 18, 2006, the trial court granted Appellant's request for limited driving privileges. The trial court scheduled a suppression hearing for December 18, 2006. Prior to the hearing, the State filed a motion requesting the trial court issue an order dismissing the charge of operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1)(a). The State explained there was insufficient evidence *Page 3 
to proceed to trial on the charge due to the fact the investigating officer was no longer employed by the Village of Utica. Via Entry filed December 19, 2006, the trial court dismissed the charge without prejudice. On December 22, 2006, Appellant filed a Motion to Dismiss ALS, asserting the ALS should be terminated because he was found not guilty of the underlying charge. Via Judgment Entry filed February 2, 2007, the trial court denied Appellant's motion, finding the dismissal of the charge did not trigger the termination of the administrative license suspension.
 {¶ 4} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED WITH PREJUDICE AGAINST APPELLANT BY FAILING TO TERMINATE THE ADMINISTRATIVE LICENSE SUSPENSION IMPOSED UNDER R.C. 4511.191(C), DESPITE THE UNDERLYING CHARGES BEING DISMISSED BY THE STATE AND APPELLANT RETAINING HIS LEGAL STATUS OF "NOT GUILTY" UNDER R.C. 4511.191(H)(2).
 {¶ 6} "II. THE TRIAL COURT ERRED WITH PREJUDICE TO APPELLANT BY FAILING TO CONSTRUE AMBIGUOUS STATUTORY LANGUAGE AGAINST THE STATE AND IN FAVOR OF THE ACCUSED."
 I {¶ 7} In his first assignment of error, Appellant maintains the trial court erred in failing to terminate his administrative license suspension. Appellant maintains, as a *Page 4 
result of the State's dismissal of the underlying charge, he retained his legal status of "not guilty" under R.C. 4511.191(H)(2).[2]
 {¶ 8} Appellant was placed under an administrative license suspension pursuant to R.C. 4511.191, which provides, in pertinent part:
 {¶ 9} "(C)(1) Upon receipt of the sworn report of the law enforcement officer who arrested a person for a violation of division (A) or (B) of section 4511.19 of the Revised Code * * * in regard to a person whose test results indicate that the person's * * *breath, * * * contained at least the concentration of alcohol specified in division (A)(1)(b), (c), (d), or (e) of section 4511.19 of the Revised Code * * *, the registrar shall enter into the registrar's records the fact that the person's driver's or commercial driver's license or permit or nonresident operating privilege was suspended by the arresting officer under this division and section 4511.192 of the Revised Code."
 {¶ 10} The administrative license suspension is subject to appeal as provided in R.C. 4511.197. R.C. 4511.197(C) expressly limits the scope of the appeal "to determining whether one or more of the following conditions have not been met:
 {¶ 11} "(1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle, streetcar, or trackless trolley in violation of division (A) or (B) of section 4511.19 of the Revised Code * * * and whether the arrested person was in fact placed under arrest;
 {¶ 12} "(2) Whether the law enforcement officer requested the arrested person to submit to the chemical test or tests designated pursuant to division (A) of section 4511.191 of the Revised Code; *Page 5 
 {¶ 13} "(3) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;
 {¶ 14} "(4) Whichever of the following is applicable:
 {¶ 15} "* * *
 {¶ 16} "(b) Whether the arrest was for a violation of division (A) or (B) of section 4511.19 of the Revised Code or a municipal OVI ordinance and, if it was, whether the chemical test results indicate * * * the person's breath contained a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath, * * * at the time of the alleged offense."
 {¶ 17} The individual appealing an ALS under R.C. 4511.197(A) has the burden of proving, by a preponderance of the evidence, one or more of the conditions specified in R.C. 4511.197(C) has not been met. R.C.4511.197(D). If the trial court upholds a suspension imposed under R.C.4511.191, the suspension shall continue until the complaint alleging the violation for which the person was arrested, and in relation to which the suspension was imposed, is adjudicated on the merits or terminated pursuant to law. If the suspension was imposed under R.C.4511.191(B)(1) and is continued following an R.C. 4511.197 appeal,any subsequent finding the person is not guilty of the charge which resulted in the person being requested to take the chemical test(s) under R.C. 4511.191(A) does not terminate or otherwise affect thesuspension. However, if the suspension was imposed under R.C.4511.191(C) in relation to an alleged misdemeanor violation of R.C.4511.19(A) or (B), the suspension shall terminate if, for any reason,the person subsequently is found not guilty of the charge that resulted in the person taking the chemical test or tests. *Page 6 
 {¶ 18} Appellant was placed under an administrative license suspension pursuant to R.C. 4511.191(C), the "test ALS," i.e., one imposed when the chemical test reveals an excessive blood alcohol content. As such, Appellant maintains the State's dismissal of the DUI offense was an adjudication on the merits and implicitly a finding of not guilty; therefore, the trial court should have terminated the ALS upon its entry of dismissal. In support of his position, Appellant relies upon the Twelfth District Court of Appeals decision in State v. Spicer (April 3, 1995), Preble County App. No. CA94-08-020, unreported.
 {¶ 19} In Spicer, the appellant failed to stop at an intersection and collided with another vehicle. The appellant was charged with driving under the influence of alcohol after a hospital blood test revealed his blood alcohol content exceeded the legal limit. The charging officer filed a notice of an administrative license suspension with the Bureau of Motor Vehicles. Because the blood test was not performed in compliance with regulatory standards, the State reduced the DUI charge to reckless operation, to which the appellant pleaded guilty. Despite the dismissal, the trial court refused to terminate the ALS. The appellant appealed.
 {¶ 20} The Twelfth District Court of Appeals found when the appellant plead guilty to the reckless operation charge, and the State dismissed the DUI charge, the appellant was "not guilty" of driving under the influence. The Spicer Court modified the trial court's judgment to reflect a finding of not guilty on the DUI and instructed the BMV to terminate his ALS pursuant to R.C. 4511.191(H)(2). *Page 7 
 {¶ 21} We agree with the Spicer Court and find the State's dismissal of the DUI charge against Appellant was equivalent to finding Appellant not guilty of said charge; therefore, the trial court should have terminated his administrative license suspension.
 {¶ 22} Appellant's first assignment of error is sustained.
 II {¶ 23} In light of our disposition of Appellant's first assignment of error, we find Appellant's second assignment of error to be moot.
 {¶ 24} The judgment of the Licking County Municipal Court is reversed and the case remanded to that court with instruction to modify its judgment to reflect Appellant was found not guilty of driving under the influence and to notify the BMV Appellant's ALS should be terminated.
 Hoffman, J., Gwin, P.J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is reversed and the case remanded with instructions to modify its judgment to reflect Appellant was found not guilty of driving under the influence and to notify the BMV Appellant's ALS should be terminated. Costs assessed to Appellee.
[1] A Statement of the Facts underlying Appellant's arrest is not necessary for our disposition of this appeal; therefore, such will not be included herein.
[2] Former R.C. 4511.191(H)(2) is now R.C. 4511.197(C). It appears Appellant has erroneously referred to the former statute. *Page 1